IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEROY MCCAMBRY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHICAGO POLICE OFFICER MELVIN BAILEY )<br>(STAR NO. 16788), CHICAGO POLICE )<br>OFFICER DOUGLAS E. NICHOLS, JR. )<br>(STAR NO. 12415), CHICAGO POLICE )<br>OFFICER MANUEL LEANO (STAR NO. 4303), )<br>CHICAGO POLICE OFFICER RONALD WATTS )<br>(STAR NO. 2640) Individually and as )<br>Employees/Agents of the CITY OF CHICAGO, )<br>a Municipal Corporation, )<br>)<br>Defendants. ) | No.<br><br>Jury Demanded |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, LEROY MCCAMBRY, by and through his attorney, CHARLES M. SHEPHERD, and for his Complaint against Defendants, CHICAGO POLICE OFFICER MELVIN BAILEY (STAR NO. 16788), CHICAGO POLICE OFFICER MANUEL LEANO (STAR NO. 4303), CHICAGO POLICE OFFICER DOUGLAS E. NICHOLS, JR. (STAR NO. 12415), CHICAGO POLICE OFFICER RONALD WATTS (STAR NO. 2640), individually and as Employees/Agents of the CITY OF CHICAGO, states as follows:

### INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiffs' constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C Sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff LEROY MCCAMBRY is an individual who at all times relevant hereto was living in the Northern District of Illinois.

4. Defendant, CHICAGO POLICE OFFICER MELVIN BAILEY (STAR NO. 16788) was, at all times material hereto, a duly appointed Chicago Police Officer employed by the City of Chicago who was on duty and acting in the capacity of a sworn law enforcement official.

5. Defendant, CHICAGO POLICE OFFICER DOUGLAS E. NICHOLS, JR. (STAR NO. 12415) was, at all times material hereto, a duly appointed Chicago Police Officer employed by the City of Chicago who was on duty and acting in the capacity of a sworn law enforcement official.

6. Defendant, CHICAGO POLICE OFFICER MANUEL LEANO (STAR NO. 4303) was, at all times material hereto, a duly appointed Chicago Police Officer employed by the City of Chicago who was on duty and acting in the capacity of a sworn law enforcement official.

7. Defendant, CHICAGO POLICE OFFICER RONALD WATTS (STAR NO. 2640) was, at all times material hereto, a duly appointed Chicago Police Officer employed by the City of Chicago who was on duty and acting in the capacity of a sworn law enforcement official.

**FACTUAL SUMMARY**

8. On October 21, 2009, Plaintiff LEROY MCCAMBRY ("McCambry") was pursued by CHICAGO POLICE OFFICER MELVIN BAILEY (STAR NO. 16788) ("Bailey") for grabbing a purse from a motor vehicle.

9. The pursuit of McCambry began at 47th and Prairie in Chicago, Illinois. McCambry was on foot and Bailey was driving a marked Chicago Police motor vehicle. The pursuit ended at 47th and Calumet when Bailey drove onto the sidewalk and ran down McCambry with his motor vehicle.

10. Upon exiting the motor vehicle, McCambry did not resist Bailey. McCambry immediately informed Bailey that he was in extreme physical pain, that he could not move, that his hip was broken and he could not stand up. McCambry requested medical care and an ambulance. Bailey ignored the pleas of McCambry, screamed at McCambry and beat him over the head and body. Bailey then dragged McCambry approximately 8 feet to his car.

11. Bailey was joined by CHICAGO POLICE OFFICER DOUGLAS E. NICHOLS, JR. (STAR NO. 12415) ("Nichols") and CHICAGO POLICE OFFICER MANUEL LEANO (STAR NO. 4303) ("Leano"). McCambry immediately informed Nichols and Leano that he was in extreme physical pain, that his hip was injured and he could not stand up. McCambry again requested medical care and an ambulance. Bailey, Nichols and Leano all ignored McCambry's pleas and threw him in the back of their police vehicle.

12. Nichols and Leano drove McCambry to the Chicago Police 2nd District for processing. McCambry informed Nichols and Leano that Bailey had hit him with the motor vehicle and that his hip was injured. McCambry again requested medical care and an ambulance. Nichols and Leano ignored McCambry's pleas and told him to shut up.

13. When McCambry arrived at the 2nd District, he could not walk. Nichols and Leano then dragged McCambry into the police station and handcuffed McCambry to the wall.

14. McCambry told police officers at the 2nd District that he could not walk and that his hip was broken. Bailey told McCambry to shut up and not ask for an ambulance and not to go to the hospital. McCambry informed CHICAGO POLICE OFFICER RONALD WATTS (STAR NO. 2640) ("Watts") that he was in extreme physical pain, requested medical care and requested transportation to a hospital. Watts told McCambry to shut up and not to go to the hospital. Watts informed McCambry that if McCambry went to the hospital, the police officers would put a gun case on him and put cases on him.

15. McCambry informed Bailey, Nichols, Leano and Watts that he was in physical pain, that he needed medical attention and needed to go to the hospital. Bailey, Nichols, Leano and Watts ignored McCambry's pleas for hours and refused to provide him with any medical care.

16. An unidentified individual eventually called an ambulance for McCambry. McCambry was transferred to Provident Hospital where medical doctors determined that he had multiple fractures of the left hemipelvis, linear fractures through the left pubic bone, linear fractures through the left inferior pubic ramus and a fracture separation of the left ischial bone.

17. Nichols conspired with Bailey, Leano and Watts to coverup their misconduct with respect to McCambry. Nichols falsified his police report omitting the fact that McCambry was struck by the police car and falsely stating that Dr. Bhatt of Provident hospital had informed Nichols that McCambry was in stable condition with no apparent injuries.

18. In November, 2009, Nichols falsely testified about this matter before the Grand Jury of Cook County, Illinois. Nichols falsely testified that during Bailey's pursuit of McCambry, McCambry fell between a fence and Bailey's car.

## COUNT I
## 42 U.S.C. § 1983
## EXCESSIVE FORCE

19. Plaintiffs re-allege and incorporate paragraphs 1-18 as fully stated herein.

20. As described above, Defendant, CHICAGO POLICE OFFICER MELVIN BAILEY (STAR NO. 16788) used excessive force while pursuing and arresting McCambry.

21. Bailey used deadly force in the apprehension of McCambry which was not warranted and/or necessary.

22. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

23. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages including, but not limited to, physical injury, permanent physical injury, mental distress and anguish.

## COUNT II
## 42 U.S.C. § 1983
## DENIAL OF MEDICAL CARE

24. Plaintiffs re-allege and incorporate paragraphs 1-18 as fully stated herein.

25. As described above, Defendants, CHICAGO POLICE OFFICER MELVIN BAILEY (STAR NO. 16788), CHICAGO POLICE OFFICER MANUEL LEANO (STAR NO. 4303), CHICAGO POLICE OFFICER DOUGLAS E. NICHOLS, JR. (STAR NO. 12415), CHICAGO POLICE OFFICER RONALD WATTS (STAR NO. 2640) violated the Constitutional rights of McCambry by showing deliberate indifference to serious medical needs of McCambry.

26. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

27. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages including, but not limited to, physical injury, permanent physical injury, mental distress and anguish.

### COUNT III
### STATE LAW CLAIM
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. Plaintiffs re-allege and incorporate paragraphs 1-18 as fully stated herein.

29. As described above, the acts and conduct of the individual Defendants as set forth above were extreme and outrageous. The Defendants intended to cause or were in reckless disregard of the probability that their conduct would cause severe emotional distress to Plaintiff, as is more fully alleged above.

30. The individual Defendants' actions and conduct did directly and proximately cause severe emotional distress to Plaintiff, and thereby constituted intentional infliction of emotional distress.

31. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of Plaintiff and others.

32. As a proximate result of Defendants' wrongful acts, Plaintiff suffered injuries, including, but not limited to, emotional distress.

### COUNT IV
### STATE LAW CLAIM
### RESPONDEAT SUPERIOR

33. Plaintiffs re-allege and incorporate paragraphs 1-18 as fully stated herein.

34. In committing the acts alleged in the preceding paragraphs, all of the individual Defendants were members of or otherwise were agents of the Chicago Police Department, acting at all relevant times with the scope of their employment and under color of law.

35. Defendant City of Chicago is liable as principal for all torts committed by its agents.

## COUNT V
## STATE LAW CLAIM
## INDEMNIFICATION

36. Plaintiffs re-allege and incorporate paragraphs 1-18 as fully stated herein.

37. Plaintiff repeats and realleges the preceding paragraphs as if fully alleged herein.

38. Illinois law provides that public entities are directed to pay any tort judgment form compensatory damages for which employees are liable within the scope of their employment activities.

39. The individual defendants are or were employees of the Chicago Police Department who acted within the scope of their employment in committing the misconduct described herein.

## REQUEST FOR RELIEF

40. Plaintiff respectfully requests that this Court:

a. Enter judgment as to each claim in his favor and against Defendants CHICAGO POLICE OFFICER MELVIN BAILEY (STAR NO. 16788), CHICAGO POLICE OFFICER MANUEL LEANO (STAR NO. 4303), CHICAGO POLICE OFFICER DOUGLAS E. NICHOLS, JR. (STAR NO. 12415), CHICAGO POLICE OFFICER RONALD WATTS (STAR NO. 2640);

b. Award compensatory damages against Defendants CHICAGO POLICE OFFICER MELVIN BAILEY (STAR NO. 16788), CHICAGO POLICE OFFICER MANUEL LEANO (STAR NO. 4303), CHICAGO POLICE OFFICER DOUGLAS E. NICHOLS, JR. (STAR NO. 12415), CHICAGO POLICE OFFICER RONALD WATTS (STAR NO. 2640);

c. Award reasonable attorneys' fees and the costs of this action against Defendants CHICAGO POLICE OFFICER MELVIN BAILEY (STAR NO. 16788), CHICAGO POLICE OFFICER MANUEL LEANO (STAR NO. 4303), CHICAGO POLICE OFFICER DOUGLAS E. NICHOLS, JR. (STAR NO. 12415), CHICAGO POLICE OFFICER RONALD WATTS (STAR NO. 2640);

d. Award punitive damages against Defendants CHICAGO POLICE OFFICER MELVIN BAILEY (STAR NO. 16788), CHICAGO POLICE OFFICER MANUEL LEANO (STAR NO. 4303), CHICAGO POLICE OFFICER DOUGLAS E. NICHOLS, JR. (STAR NO. 12415), CHICAGO POLICE OFFICER RONALD WATTS (STAR NO. 2640);

e. Grant any other relief this Court deems just and appropriate.

### JURY DEMAND

Plaintiff LEROY MCCAMBRY demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted
**LEROY MCCAMBRY**

By: *[signature]*
One of His Attorneys

Mr. Charles M. Shepherd
Attorney for Plaintiff
410 South Michigan Avenue, Suite 539
Chicago, Illinois 60605
(312) 451-4483