**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEROY MCCAMBRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 11 C 7450 |
| vs. | ) | |
| | ) | Judge Gettleman |
| CHICAGO POLICE OFFICER MELVIN BAILEY | ) | |
| (STAR NO. 16788), CHICAGO POLICE | ) | |
| OFFICER DOUGLAS E. NICHOLS, JR., | ) | |
| (STAR NO. 12415), CHICAGO POLICE | ) | Magistrate Judge Schenkier |
| OFFICER MANUEL LEANO (STAR NO. 4303), | ) | |
| CHICAGO POLICE OFFICER RONALD WATTS | ) | |
| (STAR NO. 2640) Individually and as | ) | JURY DEMANDED |
| Employees/Agents of the CITY OF CHICAGO, | ) | |
| a Municipal Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT ANSWER**
**TO PLAINTIFF'S COMPLAINT, DEFENSES, AND JURY DEMAND**

Defendants, the City of Chicago ("City") and individual Defendants, Chicago Police

Officers Melvin Bailey ("Bailey"), Douglas Nichols, Jr. ("Nichols"), Manuel Leano ("Leano"),

and Ronald Watts ("Watts"), (collectively "Defendants"), by their attorneys, Kathryn M. Doi and

Sunil Bhave, Assistant Corporation Counsel for the City of Chicago, for their answer to

Plaintiff's Complaint, defenses, and jury demand, state as follows:

**INTRODUCTION**

1.     This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for
the deprivation of plaintiffs' constitutional rights. This Court has jurisdiction pursuant to 28
U.S.C. Sec. 1331 and 1343.

**ANSWER**:     Defendants admit that Plaintiff purports to bring this cause of action

pursuant to 42 U.S.C. §1983 and 28 U.S.C. §§1331, 1343.  Defendants admit that jurisdiction is

proper.  Defendants deny the remaining allegations contained in this paragraph.

2.    Venue in this district is proper pursuant to 28 U.S.C.  Sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

**ANSWER**:    Defendants admit that venue is proper.

3.    Plaintiff LEROY MCCAMBRY is an individual who at all times relevant hereto was living in the Northern District of Illinois.

**ANSWER**:    Defendants lack personal knowledge sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

4.    Defendant, CHICAGO POLICE OFFICER MELVIN BAILEY (STAR NO. 16788) was, at all times material hereto, a duly appointed Chicago Police Officer employed by the City of Chicago who was on duty and acting in the capacity of a sworn law enforcement official.

**ANSWER**:    Defendants admit the allegations contained in this paragraph.

5.    Defendant, CHICAGO POLICE OFFICER DOUGLAS E. NICHOLS, JR. (STAR NO. 12415) was, at all times material hereto, a duly appointed Chicago Police Officer employed by the City of Chicago who was on duty and acting in the capacity of a sworn law enforcement official.

**ANSWER**:    Defendants admit the allegations contained in this paragraph.

6.    Defendant, CHICAGO POLICE OFFICER MANUEL LEANO (STAR NO. 4303) was, at all times material hereto, a duly appointed Chicago Police Officer employed by the City of Chicago who was on duty and acting in the capacity of a sworn law enforcement official.

**ANSWER**:    Defendants admit the allegations contained in this paragraph.

7.    Defendant, CHICAGO POLICE OFFICER RONALD WATTS (STAR NO. 2640) was, at all times material hereto, a duly appointed Chicago Police Officer employed by the City of Chicago who was on duty and acting in the capacity of a sworn law enforcement official.

**ANSWER**:    Defendants admit the allegations contained in this paragraph.

**FACTUAL SUMMARY**

8.    On October 21, 2009, Plaintiff LEROY MCCAMBRY ("McCambry") was

pursued by CHICAGO POLICE OFFICER MELVIN BAILEY (STAR NO. 16788) ("Bailey")
for grabbing a purse from a motor vehicle.

**ANSWER**:     Defendant Bailey admits the allegations contained in this paragraph.  The

remaining defendants lack personal knowledge sufficient to form a belief as to the truth of the

allegations contained in this paragraph.

9.     The pursuit of McCambry began at 47th and Prairie in Chicago, Illinois.
McCambry was on foot and Bailey was driving a marked Chicago Police motor vehicle. The
pursuit ended at 47th and Calumet when Bailey drove onto the sidewalk and ran down
McCambry with his motor vehicle.

**ANSWER**:     Defendant Bailey admits that the pursuit of McCambry began in the

vicinity of 47th and Prairie in Chicago, Illinois.  Defendant Bailey further admits that McCambry

was on foot and Bailey was driving a marked Chicago Police motor vehicle.  Defendant Bailey

further admits that the pursuit ended in the vicinity of 47th and Calumet.  Defendant Bailey

denies the remaining allegations contained in this paragraph.  The remaining defendants lack

personal knowledge sufficient to form a belief as to the truth of the allegations contained in this

paragraph.

10.     Upon exiting the motor vehicle, McCambry did not resist Bailey. McCambry
immediately informed Bailey that he was in extreme physical pain, that he could not move, that
his hip was broken and he could not stand up. McCambry requested medical care and an
ambulance. Bailey ignored the pleas of McCambry, screamed at McCambry and beat him over
the head and body. Bailey then dragged McCambry approximately 8 feet to his car.

**ANSWER**:     Defendant Bailey admits that upon exiting the motor vehicle, McCambry

did not resist Bailey.  Defendant Bailey denies the remaining allegations contained in this

paragraph.  The remaining defendants lack personal knowledge sufficient to form a belief as to

the truth of the allegations contained in this paragraph.

11.     Bailey was joined by CHICAGO POLICE OFFICER DOUGLAS E. NICHOLS,

3

JR. (STAR NO. 12415) ("Nichols") and CHICAGO POLICE OFFICER MANUEL LEANO
(STAR NO. 4303) ("Leano"). McCambry immediately informed Nichols and Leano that he was
in extreme physical pain, that his hip was injured and he could not stand up. McCambry again
requested medical care and an ambulance. Bailey, Nichols and Leano all ignored McCambry's
pleas and threw him in the back of their police vehicle.

      **ANSWER**:   Defendants deny the allegations contained in this paragraph.

      12.    Nichols and Leano drove McCambry to the Chicago Police 2nd District for
processing. McCambry informed Nichols and Leano that Bailey had hit him with the motor
vehicle and that his hip was injured. McCambry again requested medical care and an ambulance.
Nichols and Leano ignored McCambry's pleas and told him to shut up.

      **ANSWER**:   Defendant Bailey admits that McCambry was transported to the Chicago

Police Station, Second District for processing, but lacks personal knowledge sufficient to form a

belief as to who transported McCambry.  Defendant Bailey admits that at some point while at the

Second District, McCambry for the first time requested medical care and an ambulance, but

denies that McCambry "again" requested medical care and an ambulance.  Defendant Bailey

denies the remaining allegations contained in this paragraph.  The remaining defendants admit

that at some point while at the Second District, McCambry for the first time requested medical

care and an ambulance, but deny that McCambry "again" requested medical care and an

ambulance.  The remaining defendants deny the remaining allegations contained in this

paragraph.

      13.    When McCambry arrived at the 2nd District, he could not walk. Nichols and
Leano then dragged McCambry into the police station and handcuffed McCambry to the wall.

      **ANSWER**:   Defendants deny the allegations contained in this paragraph.

      14.    McCambry told police officers at the 2nd District that he could not walk and that
his hip was broken. Bailey told McCambry to shut up and not ask for an ambulance and not to go
to the hospital. McCambry informed CHICAGO POLICE OFFICER RONALD WATTS (STAR
NO. 2640) ("Watts") that he was in extreme physical pain, requested medical care and requested
transportation to a hospital. Watts told McCambry to shut up and not to go to the hospital. Watts

informed McCambry that if McCambry went to the hospital, the police officers would put a gun case on him and put cases on him.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

15.     McCambry informed Bailey, Nichols, Leano and Watts that he was in physical pain, that he needed medical attention and needed to go to the hospital. Bailey, Nichols, Leano and Watts ignored McCambry's pleas for hours and refused to provide him with any medical care.

**ANSWER**:     Defendants admit that McCambry informed Officers Bailey, Nichols,

Leano and Sgt. Watts that he was in physical pain, that he needed medical attention, and that he

needed to go to the hospital.  Defendants deny the remaining allegations in this paragraph.

16.     An unidentified individual eventually called an ambulance for McCambry. McCambry was transferred to Provident Hospital where medical doctors determined that he had multiple fractures of the left hemipelvis, linear fractures through the left pubic bone, linear fractures through the left inferior pubic ramus and a fracture separation of the left ischial bone.

**ANSWER**:     Defendants admit that Officer Leano called an ambulance for McCambry.

Defendants lack personal knowledge sufficient to form a belief as to the truth of the remaining

allegations contained in this paragraph.

17.     Nichols conspired with Bailey, Leano and Watts to coverup their misconduct with respect to McCambry. Nichols falsified his police report omitting the fact that McCambry was struck by the police car and falsely stating that Dr. Bhatt of Provident hospital had informed Nichols that McCambry was in stable condition with no apparent injuries.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

18.     In November, 2009, Nichols falsely testified about this matter before the Grand Jury of Cook County, Illinois. Nichols falsely testified that during Bailey's pursuit of McCambry, McCambry fell between a fence and Bailey's car.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

5

**COUNT I**
**42 U.S.C. § 1983**
**EXCESSIVE FORCE**

19.     Plaintiffs re-allege and incorporate paragraphs 1-18 as fully stated herein.

**ANSWER**:     Defendants' answers to the foregoing paragraphs 1 through 18 are

incorporated by reference as though fully set forth herein.

20.     As described above, Defendant, CHICAGO POLICE OFFICER MELVIN
BAILEY (STAR NO. 16788) used excessive force while pursuing and arresting McCambry.

**ANSWER**:     Defendant Bailey denies the allegations contained in this paragraph and

denies any illegal or wrongful conduct.  The remaining defendants lack personal knowledge

sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21.     Bailey used deadly force in the apprehension of McCambry which was not
warranted and/or necessary.

**ANSWER**:     Defendant Bailey denies the allegations contained in this paragraph and

denies any illegal or wrongful conduct.  The remaining defendants lack personal knowledge

sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22.     The misconduct described in this Count was undertaken with malice, willfulness,
and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

**ANSWER**:     Defendant Bailey denies the allegations contained in this paragraph and

denies any illegal or wrongful conduct.  The remaining defendants lack personal knowledge

sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23.     As a result of the above-described wrongful infringement of Plaintiff's rights,
Plaintiff suffered damages including, but not limited to, physical injury, permanent physical
injury, mental distress and anguish.

**ANSWER**:     Defendant Bailey denies the allegations contained in this paragraph and

denies any illegal or wrongful conduct. The remaining defendants lack personal knowledge

sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against

Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

## COUNT II
## 42 U.S.C. § 1983
## DENIAL OF MEDICAL CARE

24.     Plaintiffs re-allege and incorporate paragraphs 1-18 as fully stated herein.

**ANSWER**:     Defendants' answers to the foregoing paragraphs 1 through 18 are

incorporated by reference as though fully set forth herein.

25.     As described above, Defendants, CHICAGO POLICE OFFICER MELVIN
BAILEY (STAR NO. 16788), CHICAGO POLICE OFFICER MANUEL LEANO (STAR NO.
4303), CHICAGO POLICE OFFICER DOUGLAS E. NICHOLS, JR (STAR NO. 12415),
CHICAGO POLICE OFFICER RONALD WATTS (STAR NO. 2640) violated the
Constitutional rights of McCambry by showing deliberate indifference to serious medical needs.

**ANSWER**:     Defendants deny the allegations contained in this paragraph and deny any

illegal or wrongful conduct.

26.     The misconduct described in this Count was undertaken with malice, willfulness,
and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

**ANSWER**:     Defendants deny the allegations contained in this paragraph and deny any

illegal or wrongful conduct.

27.     As a result of the above-described wrongful infringement of Plaintiff's rights,
Plaintiff suffered damages including, but not limited to, physical injury, permanent physical
injury, mental distress and anguish.

**ANSWER**:     Defendants deny the allegations contained in this paragraph and deny any

illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT III
## STATE LAW CLAIM
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.     Plaintiffs re-allege and incorporate paragraphs 1-18 as fully stated herein.

**ANSWER**:     Defendants' answers to the foregoing paragraphs 1 through 18 are incorporated by reference as though fully set forth herein.

29.     As described above, the acts and conduct of the individual Defendants as set forth above were extreme and outrageous. The Defendants intended to cause or were in reckless disregard of the probability that their conduct would cause severe emotional distress to Plaintiff, as is more fully alleged above.

**ANSWER**:     Defendants deny the allegations contained in this paragraph and deny any illegal or wrongful conduct.

30.     The individual Defendants' actions and conduct did directly and proximately cause severe emotional distress to Plaintiff, and thereby constituted intentional infliction of emotional distress.

**ANSWER**:     Defendants deny the allegations contained in this paragraph and deny any illegal or wrongful conduct.

31.     The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of Plaintiff and others.

**ANSWER**:     Defendants deny the allegations contained in this paragraph and deny any illegal or wrongful conduct.

32.     As a proximate result of Defendants' wrongful acts, Plaintiff suffered injuries,

including, but not limited to, emotional distress.

**ANSWER**:    Defendants deny the allegations contained in this paragraph and deny any

illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against

Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

**COUNT IV**
**STATE LAW CLAIM**
**RESPONDEAT SUPERIOR**

33.    Plaintiffs re-allege and incorporate paragraphs 1-18 as fully stated herein.

**ANSWER**:    Defendants' answers to the foregoing paragraphs 1 through 18 are

incorporated by reference as though fully set forth herein.

34.    In committing the acts alleged in the preceding paragraphs, all of the individual
Defendants were members of or otherwise were agents of the Chicago Police Department, acting
at all relevant times with the scope of their employment and under color of law.

**ANSWER**:    Defendants admit that the individual Defendants are employees of the

Chicago Police Department and were at all relevant times acting within the scope of their

employment and under color of law.  Defendants deny the remaining allegations in this

paragraph.

35.    Defendant City of Chicago is liable as principal for all torts committed by its
agents.

**ANSWER**:    Defendants deny that this paragraph contains a complete or accurate

statement of the law.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against

9

Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

**COUNT V**
**STATE LAW CLAIM**
**INDEMNIFICATION**

36.　　Plaintiffs re-allege and incorporate paragraphs 1-18 as fully stated herein.

**ANSWER**:　　Defendants' answers to the foregoing paragraphs 1 through 18 are

incorporated by reference as though fully set forth herein.

37.　　Plaintiff repeats and realleges the preceding paragraphs as if fully alleged herein.

**ANSWER**:　　Defendants' answers to the foregoing paragraphs are incorporated by

reference as though fully set forth herein.

38.　　Illinois law provides that public entities are directed to pay any tort judgment form
compensatory damages for which employees are liable within the scope of their employment
activities.

**ANSWER**:　　Defendants admit that, according to Illinois law, under certain

circumstances public entities are directed to pay tort judgments for compensatory damages on

behalf of employees acting within the scope of their employment, but Defendants deny that this

paragraph contains a complete or accurate statement of the law.

39.　　The individual defendants are or were employees of the Chicago Police
Department who acted within the scope of their employment in committing the misconduct
described herein.

**ANSWER**:　　Defendants admit that the individual Defendants are employees of the

Chicago Police Department who acted within their scope of employment during all relevant

times.　Defendants deny the remaining allegations contained in this paragraph.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against

10

Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## AFFIRMATIVE AND 12(b)(6) DEFENSES

1.      Plaintiff's state law claim of intentional infliction of emotional distress (count III) and *respondeat superior* (count IV) are time-barred because Plaintiff failed to file these claims within the applicable one-year statute of limitations.  745 ILCS 10/8-101 (2010) ("No civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued."); *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005).  Here, Plaintiff alleges that his cause of action for intentional infliction of emotional distress accrued on October 21, 2009 (Complaint, ¶ 8), but he did not file his complaint until October 20, 2011, which is outside of the limitations period.

Additionally, Plaintiffs' state law *respondeat superior* claim should be dismissed because the underlying state law tort claim against the individual Defendants—intentional infliction of emotional distress—must be dismissed.  *See* 745 ILCS 10/2-109 (2010) ("A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."); *Smith v. Chi. Limousine Serv., Inc.*, 441 N.E.2d 81, 85 (Ill. App. Ct. 1982) (holding that "there can be no liability on the part of a principal under the application of the *respondeat superior* doctrine unless the agent is also held to be liable").

2.      The individual defendants are governmental officials, namely police officers, who perform discretionary functions.  At all times material to the events alleged in Plaintiff's Complaint, a reasonably competent officer, objectively viewing the facts and circumstances then

11

confronting these individual defendants, could have believed their actions regarding their encounter with Plaintiff to be lawful, in light of clearly established law and the information possessed by the individual Defendants. The individual defendants therefore are entitled to qualified immunity on Plaintiff's claims under federal law.

3. Under the Illinois Tort Immunity Act, the individual defendants are not liable for any of the state law claims alleged because the decision as to what action to take with regard to Plaintiff was a discretionary decision for which the City and its employees are immune from liability. 745 ILCS 10/2-201 (2010).

4. Under the Illinois Tort Immunity Act, the individual defendants are not liable for the state law claim alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. The individual defendants' actions were performed in the execution and enforcement of the law and were not wilful and wanton. Therefore, the individual defendants are immune from liability for Plaintiff's state law claim. 745 ILCS 10/2-202.

5. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, wilful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.

6. To the extent that Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by the application of the principle that Plaintiff has a duty to mitigate any injuries or damages attributed to Plaintiff by the

jury in this case.

7.     As to Plaintiff's state law claims, Defendants are not liable to pay attorney's fees, for the law in Illinois clearly establishes that, absent a statute or contractual agreement to the contrary, each party bears his or her own attorney fees and expenses and burdens of litigation. *See Taylor v. Pekin Ins. Co.*, 899 N.E.2d 251, 256 (Ill. 2008).

8.     Defendant City of Chicago is not liable for any punitive damages that may be imposed in this case.  745 ILCS 10/2-102 (2010).

9.     Defendant City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff.  745 ILCS 10/2-109 (2006).

### JURY DEMAND

Defendants, the City of Chicago, Melvin Bailey, Douglas Nichols, Jr., Manuel Leano, and Ronald Watts, request a trial by jury.

Respectfully submitted,

**/s/ Kathryn M. Doi**
KATHRYN M. DOI
Assistant Corporation Counsel
Attorney for Defendants

**/s/ Sunil Bhave**
SUNIL BHAVE
Assistant Corporation Counsel
Attorney for Defendants

City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-0742/ 742-0305
Atty. No. 06274825/ 06285750

13